UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUAL-TEMP OF ILLINOIS, INC., an Illinois Corporation ) ) | |
| Plaintiff, ) ) | Case No. 09 cv 00595 |
| v. ) ) | Judge Sharon Johnson Coleman |
| HENCH CONTROL CORPORATION, a California corporation, HENCH CONTROL, INC., a California corporation, and CAESAR-VERONA, INC., a Washington corporation, ) ) ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dual-Temp of Illinois, Inc. ("Dual-Temp") brings the instant motion to quantify interest based on the Court's order and judgment in its favor following a bench trial on Dual-Temp's breach of contract claim. Defendants Hench Control Corporation, Hench Control, Inc., and Caesar-Verona, Inc. (collectively "Defendants") oppose Dual-Temp's motion. For the reasons that follow, the Court stays its ruling on the instant motion and instructs Dual-Temp to comply with Rule 60 of the Federal Rules of Civil Procedure by seeking leave from the Seventh Circuit Court of Appeals for the Court to correct its Judgment of September 30, 2014 (Docket #279) which indicates that the judgment in Dual-Temp's favor does not include pre-judgment interest.

**BACKGROUND**

Following a bench trial, the Court entered a signed memorandum opinion and order finding Defendants jointly and severally liable for breach of contract in the amount of $113,500 "plus interest accruing" and attorney's fees. However, the accompanying judgment form filed by the court staff shows that the box providing that the award "does not include pre-judgment interest" was checked, contradicting the court's ruling. On October 28, 2014, Dual-Temp filed its motion to quantify interest, asking the Court to quantify interest from January 6, 2009, the date it demanded payment from Defendants in anticipation of litigation, rather than from the date it filed suit, January 30, 2009. Defendants respond that Dual-Temp should not receive pre-judgment interest because the Court's already considered this and ruled that Dual-Temp is denied pre-judgment interest, and that Dual-Temp's motion fails as a motion for reconsideration because it failed to identify the statute or rule under which Dual-Temp seeks relief. On October 29, 2014, before opposing Dual-Temp's motion, Defendants filed their notice of appeal from the court's orders, including the minute entry (Docket #277), the memorandum opinion and order (Docket #278), and the judgment in a civil case (Docket #279).

**LEGAL STANDARD AND ANALYSIS**

Having reviewed the parties' arguments and the Court's memorandum opinion and order and judgment in a civil case, the court *sua sponte* will treat Dual-Temp's instant filing as a Motion to Correct the Court's September 30, 2014 Judgment in a Civil Case pursuant to Rule 60(a), which provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

The court finds that a discrepancy exists between the court's memorandum opinion and order and the judgment form, where the opinion and order awards "interest accruing," but the judgment form denies pre-judgment interest. The Court further finds that this discrepancy was merely clerical error. In light of the Seventh Circuit's presumption towards awarding pre-judgment interest and based on the Court's review of the record, the Court intended to award pre-judgment interest to Dual-Temp, because an award does not adequately compensate Dual-Temp for the years of litigation resulting from its breach of contract claim against Defendants without such an award. See *Kansas v. Colorado*, 533 U.S. 1, 10-11 (2001). However, because Defendants' have appealed this court's ruling, the court cannot now *sua sponte* correct its clerical mistake. Rather, per Rule 60(a) Dual-Temp must first seek leave from the Seventh Circuit Court of Appeals for this court to correct its mistake.

**CONCLUSION**

The Court finds that Dual-Temp must seek leave from the Seventh Circuit for this court to correct its judgment of September 30, 2014. Dual-Temp's motion to quantify interest is therefore stayed until the Seventh Circuit grants this court leave to correct the clerical mistake in the court's judgment regarding the award of pre-judgment interest, at which time the Court will also decide the issue of the date from which pre-judgment interest will accrue.

IT IS SO ORDERED.

_____
Date: November 17, 2014

Sharon Johnson Coleman
United States District Judge