**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DUAL-TEMP OF ILLINOIS, INC., an Illinois Corporation | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09 cv 00595 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| HENCH CONTROL CORPORATION, a California corporation, HENCH CONTROL, INC., a California corporation, and CAESAR-VERONA, INC., a Washington corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are plaintiff Dual-Temp of Illinois, Inc.'s ("Dual-Temp") motion to

quantify interest [280], Dual-Temp's Bill of Costs [288], defendants Caesar-Verona, Inc. and Hench

Control, Inc.'s ("defendants") Federal Rule of Civil Procedure 68(d) motion for award of costs

[292], defendants' motion to disallow plaintiff's Bill of Costs [293], and Dual-Temp's motion for

instructions and for extension of time [315]. For the reasons that follow, the Court grants in part

and denies in part the parties' motions.

**Background**

Following a bench trial, the Court issued its Memorandum Opinion and Order ("Order")

finding in Dual-Temp's favor and against all named defendants. The Court entered judgment in the

amount of $113,500.00 "plus interest accruing and attorneys' fees." (Dkt. 278). When Dual-Temp

filed its Motion to Quantify Interest [280], defendants objected, arguing that the judgment form

[279] denied prejudgment interest. The Court found that there was a discrepancy between the Order

and the judgment form that was the result of clerical error. (Dkt. 303.) The Court further found that,

in accordance with the practice of the Seventh Circuit, the Court intended to award prejudgment

interest to Dual-Temp. (*Id.*) However, because defendants already had filed their appeal of the opinion, order, and judgment, Dual-Temp had to seek leave from the Seventh Circuit before this Court could correct its judgment. (*Id.*) The Seventh Circuit remanded the case back to this Court after finding that an appeal was not ripe because final judgment had not been entered where the Court needed to resolve the issue of quantifying prejudgment interest. *Dual-Temp of Illinois, Inc. v. Hench Control, Inc.*, 777 F.3d 429, 430 (7th Cir. 2015). The parties' various motions related to interest, fees, and costs are now before the Court.

**Legal Standard and Discussion**

*I. Interest*

    *A. Prejudgment*

The Court found Dual-Temp's breach of contract claim meritorious and issued a judgment in Dual-Temp's favor in the amount of $113,500. Dual-Temp argues that, based on the provisions of the contract, the Court should calculate prejudgment interest at a rate of 1.5% per month either from the date that it demanded payment from defendants, January 6, 2009, or the date that Dual-Temp filed its complaint, January 30, 2009.[1]

The decision to award prejudgment interest and the amount of interest to apply are left to the discretion of the Court. *United States v. Bd. of Educ. of Consol. High Sch. Dist. 230, Palos Hills, Ill.*, 983 F.2d 790, 799 (7th Cir. 1993). While Dual-Temp asserts that this Court should look to the contract to quantify the prejudgment interest, "federal courts look to state law to determine the availability of (and rules for computing) prejudgment interest." *Medcom Holding Company v. Baxter Travelnol Labs., Inc.*, 106 F.3d 1388, 1405 (7th Cir. 1997). In Illinois, the merger doctrine provides that

---

[1] The Court acknowledges that defendants object to Dual-Temp's motion. However, defendants' argument that the motion does not meet the requirements of a Rule 59(e) motion to reconsider is misplaced where the court heard argument on this issue and subsequently *sua sponte* treated Dual-Temp's motion to quantify interest as a motion to correct the Judgment in a Civil Case pursuant to Rule 60(a). (*See* Dkt. 303.)

when a judgment based on a contract is obtained, the contract becomes merged into the judgment. *See Poilevey v. Spivack*, 857 N.E.2d 834, 836 (Ill. App. Ct. 2006). The parties are therefore bound by the judgment. *Id.* Dual-Temp has not cited and the Court has not found any authority holding that a contractual prejudgment interest rate does not merge with the judgment. In Illinois, the prejudgment interest rate is controlled by the Illinois Interest Act. *See* 815 ILCS 205/2. Therefore, the Court awards Dual-Temp prejudgment interest at the statutory rate of 5% per annum. *Id.*

Turning to the question of accrual date, Dual-Temp asks for the prejudgment interest rate to be calculated from January 6, 2009, the date they demanded payment from defendants. "[P]rejudgment interest typically accrues from the date of loss or the date on which the claim accrued" in order to "put a party in the position that it would have been in had it been paid immediately." *Am. Nat. Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 935 (7th Cir. 2003); *see also Milwaukee v. Cement Div., National Gypsum Co.*, 515 U.S. 189, 195 (1995) ("The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss"). Here, Dual-Temp's claim accrued on the date of its demand. Assessing suffered loss from non-payment on the demand date to the date of judgment would put Dual-Temp in the position it would have been had defendants made immediate payment on demand.

Thus, the Court finds that prejudgment interest will begin accruing on January 6, 2009 and that prejudgment interest will be compounded. *See e.g., Am. Nat. Fire Ins. Co.*, 325 F.3d at 937-38 (stating that compound prejudgment interest is the norm in federal litigation).

B.      *Postjudgment Interest*

Dual-Temp also seeks $125.14 per day, compounded annually, from October 1, 2014, in postjudgment interest until the judgment, costs, and fees are fully satisfied. "While state law applies to an award of prejudgment interest in diversity suits, federal law governs the award of post-judgment interest in cases such as this one [a diversity suit]." *Travelers Ins. Co. v. Transport Ins. Co.*, 846

F.2d 1048, 1053 (7th Cir. 1988). Pursuant to 28 U.S.C.A. § 1961(a), the postjudgment interest rate shall be determined using the Treasury Bill rate prevailing on September 30, 2014, the date that judgment was entered in a sum certain, and shall be compounded annually. 28 U.S.C. § 1961 (b); *see also, Fishman v. Estate of Wirtz*, 609 F. Supp. 982, 988-89 (N.D. Ill. 1985) (citing Fed. R. Civ. P. 58 and finding that the district court would award postjudgment interest from the date the court rendered judgment in a sum certain), *aff'd on other grounds, rev'd on other grounds, vacated in part* 807 F.2d 520. The parties are instructed to submit a proposed order that includes the quantified prejudgment and postjudgment interest consistent with this court's ruling.

II.     *Costs*

Dual-Temp seeks $25,962.44 in costs from defendants. At the outset, the Court notes that Dual-Temp incorrectly added the amounts listed on its bill of costs and that the proper sum total is $26,457.44. Defendants argue that this bill of costs must either be entirely disallowed or that certain amounts must be stricken and the bill reduced to $10,541.34.

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is entitled to recover its costs. "Prevailing party" means "the party in whose favor judgment has been entered." *Republic of Tobacco Co. v. N. Atl. Operating Co.*, 481 F.3d 442, 446 (7th Cir. 2007). With no dispute from defendants, the Court finds that Dual-Temp is a prevailing party. The Seventh Circuit has held that costs "must be awarded to a prevailing party unless one of the recognized situations warranting a denial of costs is present." *Mother & Father v. Cassidy*, 338 F.3d 704, 709–10 (7th Cir. 2003) (noting that denial is warranted only in situations involving misconduct of the party seeking costs or where the losing party is indigent).

Under 28 U.S.C. § 1920, a court may tax the following expenses as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the

costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1928. *See Id.;* 28 U.S.C. § 1920. The party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable. *Trs. Of the Chi. Plastering Pension Trust v. Cork Plastering, Co.,* 570 F.3d 890, 904–5 (7th Cir. 2008). Costs incurred merely for the convenience of the prevailing party may not be recovered. *Barber v. Ruth,* 7 F.3d 636, 645 (7th Cir. 1993). The Court will consider each of defendants' objections to Dual-Temp's bill of costs in turn.

*A. Transcript Costs*

The costs associated with deposition transcripts and copies are recoverable where they are "necessarily obtained' for use in the case. *See* 28 U.S.C. §§ 1920(2), (4). Whether a cost is necessary must be made in light of the facts known at the time of the deposition. *Mother & Father,* 338 F.3d at 712.

Defendants object to the $809.52 that Dual-Temp seeks to recover for costs that were paid to IKON Office Solutions for "CD Master, e-label endorsement, and image conversion." Dual-Temp does not respond to defendants' objection. The Court finds that Dual-Temp may not recover these costs as they were merely for the attorneys' convenience. *See e.g., Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 946 n.11 (7th Cir. 1997).

Next, defendants object to discrepancies in the deposition costs for four witnesses: Milord, Bures, Ariano, and Polcyn. They argue that these amounts are unreliable and should not be awarded because Dual-Temp seeks reimbursement for two payments for each witness, yet they were deposed only once. Dual-Temp provided invoices and copies of checks for these witnesses' depositions. The invoices for these witnesses show that two different categories of amounts were billed to Dual-Temp: an amount for the deposition itself and an amount for the original transcript of the

deposition. Dual-Temp utilized various vendors for its depositions and this particular vendor appears to have separated out the fees. These costs are allowed as necessarily incurred for litigation.

*B. Copying Costs*

Defendants object to the $3,486 that Dual-Temp seeks for copies of deposition transcripts for the Court and Dual-Temp's counsel. A prevailing party is not required to provide a detailed explanation for the necessity of each page copied; it must, however, provide the best breakdown of copying costs from retained records. *Trading Tech. Int'l. Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 979 (N.D. Ill. 2010) (Schenkier, J.) (citing *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 644 (7th Cir. 1991). Here, Dual-Temp seeks a total of $3,486 for making two copies of deposition transcripts, one for counsel and one for the Court. According to Dual-Temp's itemization, it received original transcripts of all depositions. Dual-Temp also seeks costs for two additional copies for counsel and the Court at $0.50 per page, which Defendants argue is excessive. Dual-Temp does not explain who made the copies and did not provide evidence that these copy charges were actually incurred or paid. In the Court's discretion, because Dual-Temp provided a detailed ledger showing the number of pages copied and the nature of the documents copied, the Court will not strike this cost entirely. Rather, the Court will reduce the copy costs to $0.15 per page. *See e.g., Kaplan v. City of Chicago*, No. 05 C 2001, 2009 U.S. Dist. LEXIS 57834, *11 (N.D. Ill. July 6, 2009) (Leinenweber, J.) (courts in the Northern District of Illinois have found photocopying costs between $0.10 and $0.20 per page to be reasonable). The Court also finds that because Dual-Temp had original transcripts, an additional copy for counsel was merely for counsel's convenience and was not necessarily incurred. Costs for the counsel transcript copy are also stricken. Dual-Temp's copying costs are therefore reduced from $3,486 to $522.90.

*C. Witness Fees*

Dual-Temp seeks $537.61 in witness fees. Defendants object that the ledger indicating the amount of witness fees along with an attorney affidavit that the costs were correct and necessarily incurred is insufficient documentation to support the expense. Defendants also object that there are two witness fees listed for Ariano but he was deposed only once. Dual-Temp claims that one of the fees is the standard $40 witness fee and the other amount of $61.99 was for mileage. However, Dual-Temp provides no documentation supporting this distinction. Moreover, none of the other "subpoena/witness fee" amounts provided in Dual-Temp's ledger lists this "standard" witness fee or distinguishes between that fee and standard mileage. Dual-Temp failed to provide the itemization information required by the form Bill of Costs, including the city and state of residence of the witness and costs for attendance, subsistence, and mileage. Due to this lack of clarity, the Court finds that the $537.61 requested for witness fees is stricken.

*D. Other Costs*

Defendants object to the $3,996.56 that Dual-Temp seeks as travel costs to take depositions in California. Absent some other statutory authority, costs available to a prevailing party under Rule 54(d)(1) are limited to those specified in 28 U.S.C. § 1920. Attorney travel expenses for depositions are not listed as a recoverable cost; therefore they are not recoverable. *See Wahl v. Carrier Mfg. Co., Inc.* 511 F.2d 209, 217 (7th Cir. 1975). Dual-Temp has not cited any authority to support their contention that, under these facts, they are entitled to an attorney's travel costs. Dual-Temp's bill of costs will be reduced by $3,996.56. 28 U.S.C. § 1920; *see also Commissioners of Highways of Towns of Annawan v. U.S.*, 653 F.2d 292, 298 (7th Cir. 1981). In sum, Dual-Temp's Bill of Costs will be reduced to $20,591.15.

*III.    Fees*

Dual-Temp filed a motion for instructions in which it asked the Court to determine whether it sufficiently produced representative business records in accordance with Local Rule 54.3, which

governs the process for the award of attorney fees. However, Dual-Temp did not include the records with its filing. Under the local rule, the Court may, in its discretion, forego compliance with the process set out in LR 54.3. *See* Local Rule 54.3. Therefore, the Court orders Dual-Temp to file its motion for attorneys' fees within 21 days of this Order. Defendants' response is due 14 days thereafter and Dual-Temp's reply is due 7 days thereafter. The Court will then take the matter under advisement and issue an order within 30 days.

## Conclusion

The Judgment in a Civil Case [279] is corrected such that it is consistent with the Memorandum Opinion and Order [280] to provide that prejudgment interest is awarded. The Court awards prejudgment interest at a rate of 5% per annum, compounded annually, from January 9,2 009 to September 30, 2014. The Court grants in part and denies in part Dual-Temp's bill of costs [288], and awards $20,591.15 in costs to Dual-Temp. Defendants' motions regarding costs [292 and 292] are denied. Dual-Temp's motion for instructions and extension of time [315] is denied and the parties are instructed to proceed as set forth in this order. Dual-Temp is ordered to file its proposed order quantifying prejudgment and postjudgment interest, and its motion for attorneys' fees within 14 days of this Order.

IT IS SO ORDERED.

_____

Date: June 23, 2015

_____

Sharon Johnson Coleman
United States District Judge