# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DUAL-TEMP OF ILLINOIS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-cv-595 |
| ) | |
| HENCH CONTROL CORPORATION, ) | Judge Sharon Johnson Coleman |
| HENCH CONTROL, INC., and CAESAR- ) | |
| VERONA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dual-Temp of Illinois, Inc. ("Dual-Temp") filed suit against defendants Hench Control Corporation, Hench Control, Inc., and Caesar-Verona, Inc. asserting breach of contract claims and demanding $486,625.96 in damages. By the time of trial, Dual-Temp had reduced its demand to $416,094.78, comprised of $113,500 in incidental damages and $302,594.78 in consequential damages. Following a bench trial, this Court entered judgment, finding defendants had breached the contract and were jointly and severally liable for the incidental damages only in the amount of $113.500. Dual-Temp moved for an award of attorneys' fees, initially requesting $890,617.00. Three days later, citing a clerical error, Dual-Temp filed a corrected motion, requesting $746,543.90. Two of the defendants, Caesar-Verona and Hench Control, Inc. ("defendants") disputed the reasonableness of the fees and asked that they be reduced to $56,750. They then appealed the trial findings and the Seventh Circuit affirmed the judgment. Following the appeal, Dual-Temp again amended their fee petition to reflect an additional $92,130.42 for fees incurred in the appeal ("appeal fees"). Defendants did not file any response to the request for appeal fees. The Court grants Dual-Temp's motion for fees [333] in part and its motion for appeal fees [371] in full.

**Discussion**

In a contractual fee-shifting case, the court must assess whether the aggregate amount sought is commercially reasonable. *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 200 F.3d 518, 521 (7th Cir. 1999). If the prevailing party paid their legal bills "at a time when ultimate recovery was uncertain", this alone is strong evidence of commercial reasonableness. *Id.* at 520-21. Nonetheless, the court must consider other factors such as the stakes of case, the litigation strategy of the opposing parties, and whether the fees incurred by plaintiffs and defendants are comparable. *Id.* at 521.

Dual-Temp asserts that the fees sought represent the actual amount paid by Dual-Temp throughout the course of litigation and are commercially reasonable in light of the stakes of the case and the conduct of defendants. Defendants dispute each of these points. Regarding amounts actually paid, they allege that discrepancies between the invoices attached to Dual-Temp's initial motion for fees and its corrected motion call into doubt the invoices' accuracy. In its reply, Dual-Temp explains that in its initial motion it accidentally submitted invoices that had not gone through all the steps in the firm's process for reviewing and verifying bills. The Court finds this explanation reasonable, especially where plaintiff submitted corrections 3 days later. To further delve into an examination of the differences between the two sets of invoices and the reasons for them would be to ignore the Seventh Circuit's admonishment that "individual scrutiny of line-item entries" in a contractual fee-shifting case it is not an efficient or appropriate use of judicial resources. *See Metavante Corp. v. Emigrant Sav. Bank,* 619 F.3d 748, 774 (7th Cir. 2010). Defendants do not offer any evidence which calls into doubt that Dual-Temp was paying their bills throughout the course of litigation or that suggests Dual-Temp and its counsel in fact had a contingency arrangement. Thus the Court will credit the invoices and accompanying affidavit attached to the corrected motion as evidence of what Dual-Temp actually paid for its legal representation during times "when ultimate recovery was uncertain."

Regarding a comparison of the fees incurred by each party, defendants assert that they incurred $373,839.96 in attorneys' fees defending this matter, approximately half of the amount sought by Dual-Temp. Although the two active defendants acknowledge the Court has no information about the fees incurred by the absent defendant Hench Control Corporation ("HCC"), they argue that the substantial overlap in issues relevant to all the defendants indicates that the presence of HCC did not double the work required to prosecute the case. Dual-Temp challenges this position with reverse reasoning: because the two sets of defendants pursued different litigation strategies and raised distinct issues, Dual-Temp was often "fighting a war on two fronts." Again, the Court declines to engage in "individual scrutiny of line-item entries" to ascertain when the work of prosecuting against two sets of defendants was differentiated and when it overlapped. HCC had its own counsel and defendants have not argued that their counsel and counsel for HCC worked collaboratively to keep down the total cost of defending the suit. Thus it is fair to presume that the fees incurred by Dual-Temp are comparable to those incurred in the aggregate by both sets of defendants.

Finally, defendants assert that the fees sought are disproportional to the stakes of the case. Proportionality is relevant to the question of reasonableness, but the Seventh Circuit has rejected "mechanical rules requiring that a reasonable attorney's fee be no greater than some multiple of the damages claimed or recovered." *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000). Defendants ask the Court to entirely disregard the consequential damages that were claimed but not recovered when considering the stakes of the case. The Court declines to do so. The claim for consequential damages was not entirely speculative so as to be frivolous, even though Dual-Temp at trial failed to provide sufficient evidence for computation of those damages. Nonetheless, at some point Dual-Temp should have become aware that it did not have the evidence needed to prove consequential damages, making this a case where "it is right to penalize a plaintiff for putting the defendant to the bother of defending against a much larger claim than the plaintiff could prove." *Tuf Racing Products,*

*Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585, 592 (7th Cir. 2000). The Court finds a 30% reduction of the fees sought prior to appeal is an appropriate penalty. Because defendants did not challenge the appeal fees the Court awards those fees ($92,130.42) in full. Accordingly, the Court awards Dual-Temp a total of $614,711.15 in attorneys' fees.

    IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: August 17, 2016